### 32206. TOLES *v.* THE STATE.

GARDNER, J. The defendant was convicted of illegally possessing a gallon of non-tax-paid whisky in Floyd County. Substantially, the evidence reveals that a policeman of the City of Rome, on May 17, 1948, trailed the defendant in a Buick automobile to the defendant's service station, where the officers stopped the defendant. There was someone in the car with the defendant. The evidence does not reveal the identity of the other person. He was not used as a witness for either party. When the officer stopped the defendant he told the defendant that he had information that the defendant was hauling whisky, and inquired of the defendant how much he had, whereupon the defendant replied that he had a drink or two. The officer then informed the defendant that he would have to search the defendant's automobile. The defendant remarked that he did not want his automobile searched in front of his place of business. Then the officer proposed to the defendant that he go to the police station. The defendant then re-entered a greenish colored 1947 Buick convertible automobile. As the police officer opened a back door of the automobile and placed his foot on the running board preparatory to entering, the defendant drove his car off at a very rapid rate of speed, leaving the police officer at the filling station. Then it was that the police officer and a companion entered their car and followed in hot pursuit of the defendant. The jury were authorized to find that the officers pursued the defendant in his car for some distance, and no car was between the two cars until the defendant turned his car at a

right angle into another street. Then for a few moments the defendant was out of sight of the officers. The State introduced other witnesses who testified that during these few moments there was thrown from the defendant's car two half gallon jars of contraband whisky. Another witness for the State who lived near by and near whose back yard the package was thrown, went to the place where it was thrown. One of the containers was broken and the contents spilled. The other container was intact. The witness who picked up the half gallon of whisky put it under his back steps. The broken container, which had the odor of whisky in it, he placed in his garbage can. The two containers were afterwards delivered to the officers. The jury were authorized to find that the containers were thrown from the car by the person sitting on the right-hand side of the defendant. They were also authorized to find that the containers were thrown from the car which the defendant was driving and the same car that the officers were chasing. The only contention urged here as a ground for reversing the case is that the evidence is insufficient to show that the defendant was in possession of the whisky thrown from the car; that the evidence conclusively shows that it was thrown, if from the car which the defendant was operating at all, by the companion of the defendant rather than by the defendant. We do not think this contention is tenable. It is elementary that all who aid and abet or participate in the commission of a misdemeanor are principals. See catchword "Misdemeanor" under Code (Ann.) § 26-501. This being true, the jury were authorized to find that even though the companion of the defendant illegally possessed the whisky, the defendant was aiding and abetting him. After persuading the officers not to search the car at the defendant's service station, the defendant fled at a dangerous rate of speed with the officers in pursuit, and it would seem that at the first opportunity after momentarily out-distancing the officers, the whisky was thrown from the car that the defendant was operating. In our opinion the evidence ample authorized the jury to find that the defendant was guilty of illegally possessing liquor.

The court did not err in overruling the motion for a new trial. The judgment is therefore affirmed.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 6, 1948.

*M. G. Hicks,* for plaintiff in error.
*Vaughn Terrell, Solicitor,* contra.